UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KORCAMONI KAREGA McCLELLAN,

        Petitioner,

                                  CASE NO. 2:09-CV-10617

   v.                                JUDGE LAWRENCE P. ZATKOFF

                                   MAGISTRATE JUDGE PAUL J. KOMIVES

LLOYD RAPELJE,

        Respondent.[1]
_____/


# REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.     *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.     *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     C.     *Procedural Default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
     D.     *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     E.     *Newly Discovered Evidence (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
     F.     *Ineffective Assistance of Counsel (Claim II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
          1.     *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
          2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
     G.     *Exculpatory Evidence (Claim III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
     H.     *Lack of Factual Basis (Claim IV)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
     I.      *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
          1.     *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
          2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
     J.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

_____

     [1]By Order entered this date, Lloyd Rapelje has been substituted in place of Percy Connerly as the proper respondent in this action.

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.     REPORT:

A.      *Procedural History*

1.      Petitioner Korcamoni Karega McClellan is a state prisoner, currently confined at the Saginaw Correctional Facility in Freeland, Michigan.

2.      On December 9, 2003, petitioner was convicted of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, pursuant to plea of *nolo contendere* in the Wayne County Circuit Court.  Pursuant to the plea agreement, petitioner was sentenced to a term of 5½-10 years' imprisonment on the assault conviction, and to a mandatory consecutive term of 2 years' imprisonment on the felony-firearm conviction.

3.      Petitioner filed a post-sentence motion to withdraw the plea on the basis of newly discovered evidence and police misconduct.  The trial court denied the motion on January 8, 2004.

4.      Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

I.      THE TRIAL COURT ERRONEOUSLY DENIED APPELLANT'S MOTION TO WITHDRAW HIS NOLO CONTENDERE PLEA DESPITE NEWLY DISCOVERED EXCULPATORY EVIDENCE WHICH WOULD HAVE BEEN HELPFUL IN THE CROSS EXAMINATION OF PROSECUTION WITNESSES AND PLEA WITHDRAWAL POSED NO PREJUDICE.

II.     THE TRIAL COURT ERRONEOUSLY DENIED APPELLANT'S POST SENTENCING MOTION TO WITHDRAW HIS NOLO CONTENDERE PLEA WHICH WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE

OF HIS ATTORNEY WHO FAILED TO INVESTIGATE AND FILE A DISPOSITIVE PRETRIAL MOTION TO EXCLUDE ILLEGALLY SEIZED EVIDENCE AND TO OBTAIN EXCULPATORY EVIDENCE IN A TIMELY MANNER AND/OR REQUEST A CONTINUANCE OF TRIAL.

III.    THE TRIAL COURT ERRONEOUSLY DENIED APPELLANT'S POST-SENTENCING MOTION TO WITHDRAW HIS NOLO CONTENDERE PLEA WHICH WAS THE PRODUCT OF MISCONDUCT BY THE PROSECUTOR, WHO FAILED TO DISCLOSE COURT ORDERED EXCULPATORY EVIDENCE WHICH WOULD HAVE BEEN HELPFUL IN THE CROSS EXAMINATION OF PROSECUTION WITNESSES.

IV.    APPELLANT'S PLEA WAS COERCED AND RENDERED INVOLUNTARY BY THE COURT'S SUA SPONTE INITIATION OF THE ISSUE OF SENTENCE LENGTH ADVISING APPELLANT WHAT SENTENCE HE MIGHT EXPECT, IN VIOLATION OF THE PROHIBITIONS IN KILLIBREW AND COBBS AGAINST JUDGE INITIATING DISCUSSION REGARDING SENTENCE DISPOSITION.

V.    APPELLANT'S SENTENCE OF FIVE AND ONE-HALF TO TEN YEARS IN PRISON FOR ASSAULT WITH INTENT TO DO GREAT BODILY HARM REPRESENTS A SIGNIFICANT DEPARTURE FROM THE LEGISLATIVE MANDATED SENTENCING GUIDELINES WITHOUT SUBSTANTIAL AND COMPELLING REASONS ARTICULATED BY THE TRIAL COURT, WHICH IS IN VIOLATION OF THE STATUTE EVEN THOUGH A SENTENCE AGREEMENT EXISTED IN CONNECTION WITH THE PLEA BARGAIN.

The court of appeals denied petitioner's application for leave to appeal in a standard order. *See People v. McClellan*, No. 259130 (Mich. Ct. App. Feb. 3, 2005).

5.    Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. McClellan*, 474 Mich. 952, 706 N.W.2d 729 (2005).

6.    On July 12, 2006, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claims, the first four in his initial motion and the fifth in a supplemental brief:

I.      DEFENDANT McCLELLAN WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, WHERE DURING HIS MOTION TO WITHDRAW HIS PLEA OF NOLO CONTENDERE PRIOR TO SENTENCING, THE COURT REFUSED TO VIEW EXCULPATORY EVIDENCE WHICH THE DEFENDANT CLAIMED EXONERATED HIM, WHICH HE BROUGHT FORTH IN AN ATTEMPT TO SATISFY HIS BURDEN THAT HE SHOW "A FAIR AND JUST" REASON, IN THE INTEREST OF JUSTICE FOR PLEA WITHDRAWAL.

II.     DEFENDANT McCLELLAN WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, WHERE THE TRIAL COURT OBTAINED INSUFFICIENT FACTUAL BASIS TO SUPPORT HIS PLEA OF NOLO CONTENDERE.

III.    DEFENDANT McCLELLAN WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, WHERE HIS PLEA WAS RENDERED INVOLUNTARY, UNKNOWING AND UNINTELLIGENT BY THAT [SIC] HE WAS NEVER INFORMED THAT THE SENTENCE AGREEMENT WAS A DEPARTURE FROM THE LEGISLATIVE MANDATED SENTENCING GUIDELINES.

IV.     DEFENDANT McCLELLAN HAS DEMONSTRATED "GOOD CAUSE" AND "ACTUAL PREJUDICE" SATISFYING THE REQUIREMENT UNDER MCR 6.508(D)(3)(a), (b).

V.      DEFENSE COUNSEL FAILED TO ADEQUATELY INVESTIGATE AND PREPARE DEFENDANT'S CASE FOR TRIAL THEREFORE RESULTING IN AN INVOLUNTARY PLEA.

On May 17, 2007, the trial court denied petitioner's motion for relief from judgment pursuant to MICH. CT. R. 6.508(D)(2) because the claims had already been raised by and decided against petitioner in his direct appeal. *See People v. McClellan*, No. 03-10906, at 2-3 (Wayne County, Mich., Cir. Ct. May 17, 2007). The Michigan Court of Appeals and Michigan Supreme Court denied petitioner's applications for leave to appeal in standard orders, based on petitioner's "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. McClellan*, 482 Mich. 1030, 769 N.W.2d 194 (2008); *People v. McClellan*, No. 282854 (Mich. Ct. App. Mar. 21, 2008).

7.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus

on February 19, 2009.  As grounds for the writ of habeas corpus, he raises five claims:

> I.      PETITIONER McCLELLAN WAS DENIED DUE PROCESS OF LAW
> WHERE THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING
> HIS PRE-SENTENCE AND POST-CONVICTION MOTIONS TO
> WITHDRAW HIS NOLO CONTENDERE PLEA DESPITE NEWLY
> DISCOVERED EXCULPATORY EVIDENCE AND A PLEA
> WITHDRAWAL POSED NO PREJUDICE, AND BY REFUSING TO
> VIEW EXCULPATORY EVIDENCE WHICH PETITIONER CLAIMED
> EXONERATED HIM.

> II.     PETITIONER McCLELLAN WAS DEPRIVED OF HIS RIGHT TO
> EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE
> UNITED STATES AND MICHIGAN CONSTITUTIONS, WHEN HIS
> TRIAL ATTORNEY, (A) FAILED TO OBTAIN EXCULPATORY
> EVIDENCE IN A TIMELY MANNER AND/OR REQUEST A
> CONTINUANCE OF THE TRIAL, AND (B) FAILED TO ADEQUATELY
> INVESTIGATE AND REQUEST DISCLOSURE OF MANDATORY
> DISCOVERY AND SPECIFIC COURT ORDERED DISCOVERY.

> III.    PETITIONER McCLELLAN WAS DENIED DUE PROCESS OF LAW
> WHERE THE TRIAL COURT ERRONEOUSLY DENIED PETITIONER'S
> PRE-SENTENCE AND POST-CONVICTION MOTIONS TO
> WITHDRAW HIS NOLO CONTENDERE PLEA WHICH WAS A
> PRODUCT OF MISCONDUCT BY THE PROSECUTOR, WHO FAILED
> TO DISCLOSE MANDATORY AND SPECIFIC DISCOVERY
> EVIDENCE ORDERED BY THE COURT.

> IV.     PETITIONER McCLELLAN WAS DENIED DUE PROCESS OF LAW
> WHERE THE TRIAL COURT FAILED TO OBTAIN SUFFICIENT
> FACTUAL BASIS TO SUPPORT HIS PLEA OF NOLO CONTENDERE.[2]

8.      Respondent filed his answer on September 1, 2009.  He contends that petitioner's

claim factual basis claim is procedurally defaulted, and that all the claims are without merit.

B.      *Factual Background Underlying Petitioner's Conviction*

---

[2]In a fifth claim, petitioner contends that the procedural default doctrine is inapplicable and that he has, in any event, established good cause to overcome any procedural default.  This claim does not state an independent basis for habeas relief, but merely addresses whether the Court may reach the four substantive claims raised by petitioner.

Petitioner's conviction arises from two separate incidents, both involving a firearm. They were charged separately and the petitioner had a trial date set for each incident. According to the factual basis stipulated to by the defense and set forth by the prosecutor at the plea hearing:

> The date is February 11, 2002, in front of 850 Calvert Street in the City of Detroit. Damon Player (sp) was on routine patrol with his partner. He encountered the defendant, Mr. McClellan, out on the street with a Glock handgun. They tried to tell him to stop and they were trying to apprehend him. He turned with the Glock handgun, which is a deadly weapon, and fired at least four shots directly at Officer Player. None of the shots took effect.
>
> At the time he did this, he was armed with a one Glock handgun .40 caliber that shot 9-millimeter bullets.
>
> The date is January 21st, 2002. The area is Second and Collingwood Streets in the City of Detroit. At that point in time defendant possessed a 9-millimeter handgun. By him possessing it, he did so illegally. He had previously been convicted of carrying a concealed weapon and he was ineligible to carry a firearm and his right to do such had not been restored.

Plea Tr. at 12-13.

In Case No. 03-10906, petitioner was charged with one count of assault with intent to commit murder, one count of being a felon in possession of a firearm, one count of felony firearm, one count of carrying a concealed weapon, a second count of being a felon in possession of a firearm, a second count of felony firearm, and a count of receiving and concealing stolen property more than $200 and less than $1,000. *See id.* 6-7. In Case No. 03-10849, petitioner was charged with one count of assault with intent to murder, one count of resisting and obstructing a police officer, one count of felony firearm, one count of forgery or alteration of an operator's license, and one count of being a felon in possession of a firearm. *See id.* at 9. On the day set for trial, petitioner entered a no contest plea pursuant to a plea agreement. Pursuant to the plea bargain, petitioner agreed to plead no contest on two counts in Case No. 03-10906 and one count in Case No. 03-10849. In Case No. 03-10906, petitioner pleaded to an amended count of assault with intent to commit great

bodily harm, with a sentence agreement of 5 ½ - 10 years, and one count of felony firearm which carries a mandatory two year sentence to be served prior to the assault sentence. In Case No. 03-10849, petitioner pleaded no contest to one count of being a felon in possession of a firearm, with the sentence to run concurrent with the counts in Case No. 03-10906. In exchange for this plea, the remaining charges against petitioner were dropped. Upon questioning by the trial judge, petitioner indicated that he understood the counts he was pleading to and that he was waiving his right to a trial by jury in both cases. *See id.* at 9-10. He understood that if either trial was held he would be presumed innocent until proven guilty and have the right to testify and call witnesses on his behalf. *See id.* at 10-11. The trial court explained the maximum term of imprisonment petitioner faced by pleading no contest, and petitioner indicated that he understood. *See id.* at 8-9. The court explained to petitioner the rights he was waiving by pleading no contest, and petitioner indicated that he understood those rights and that he was waiving them by pleading no contest. *See id.* at 9-12. Petitioner also indicated that he understood that, by pleading no contest, he was giving up his right to claim that "anyone threatened [him], used any form of undue influence or promised [him] anything" that was not written on the settlement agreements. *Id.* at 11.

After his plea and prior to sentencing, petitioner filed a motion to withdraw the plea. Petitioner argued that he should be allowed to withdraw the plea because newly discovered evidence, showing that officer Ziegler filed a false police report in petitioner's case and was allegedly fired for that same conduct, exonerates him and also because he was never supplied with a copy of the search warrant used to search the vehicle and obtain the 40-caliber Glock allegedly used in the crime. On May 14, 2004, following a hearing conducted by the trial court, petitioner's motion to withdraw his plea was denied.

C.    *Procedural Default*

Respondent first contends that petitioner's fourth claim, asserting an insufficient factual basis for the plea, is barred by petitioner's procedural default in the state courts because petitioner failed to raise this claim on direct appeal.  The Court should disagree.

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment.  *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris*, 489 U.S. at 263.  Furthermore, "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review . . . of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)); *see also*, *Calderon v. United States Dist. Ct. for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation omitted) ("For the procedural default doctrine to apply, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.").

Michigan Court Rule 6.508, governing motions for relief from judgment, provides that the movant "bears the burden of establishing entitlement to relief."  MICH. CT. R. 6.508(D).  The rule goes on to provide, in three separately numbered paragraphs, procedural situations in which relief will not be granted: (1) where an appeal relating to the conviction is pending; (2) where the claim has already been ruled upon in a prior appeal or postconviction motion; and (3) where the claim

could have been raised in a prior appeal or postconviction motion but was not. *See* MICH. CT. R. 6.508(D)(1)-(3).

The Michigan Court of Appeals and the Michigan Supreme Court both rejected petitioner's appeal based on his "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." In *Simpson v. Jones*, 238 F.3d 399 (6th Cir. 2000), the court held that this identical language constitutes an invocation of the procedural aspects of Rule 6.508(D), and thus bars federal habeas review. *See Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000). However the en banc Sixth Circuit has recently rejected this rule, holding that the form orders used by the Michigan courts constitute unexplained orders which are ambiguous as to whether a procedural bar is being invoked, and thus a federal habeas court must "look through" these orders to the last reasoned state court judgment to determine if the claims are barred. *See Guilmette v. Howes*, ___ F.3d ___, ___, 2010 WL 4117281, at *4 (6th Cir. Oct. 21, 2010) (en banc). Here, the trial court clearly denied relief to petitioner on all of the claims raised in his motion for relief from judgment pursuant to Rule 6.508(D)(2), because the claims had already been raised by and decided against petitioner on his direct appeal. Rule 6.508(D)(2), however, does not constitute a procedural bar to federal habeas review. This rule is merely a collateral estoppel rule which prohibits a trial court from reconsidering a claim already decided against a defendant on direct appeal. Application of this collateral estoppel rule does not bar federal habeas review. As this Court has explained: "Rule 6.508(D)(2) is simply a *res judicata* rule barring a defendant from relitigating claims in a motion for relief from judgment which were decided adversely to him in a prior state court decision. Because Petitioner's . . . claims were considered on the merits in Petitioner's [direct appeal], there is no bar to habeas review of these claims." *Morse v. Trippett*, 102 F. Supp. 2d 392, 402 (E.D. Mich. 2000) (Tarnow, J.) (citing

*Ceja v. Stewart*, 97 F.3d 1246, 1253 (9th Cir. 1996); *Silverstein v. Henderson*, 706 F.2d 361, 368 (2d Cir. 1983)); *accord Correll v. Thompson*, 63 F.3d 1279, 1289 n.8 (4th Cir. 1995). Accordingly, the Court should conclude that petitioner's fourth claim is not barred by a procedural default.

D.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also, Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also, Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535

U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements

of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

E.      *Newly Discovered Evidence (Claim I)*

Petitioner first claims he was denied due process because the trial court denied his motions to withdraw his no contest plea despite newly discovered exculpatory evidence and refused to view this evidence. He maintains that newly discovered evidence proves his innocence and that, in the interest of justice and because it would not prejudice the prosecution, he should have been allowed to withdraw his plea. This claim provides no basis for habeas relief.

A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the existence of new evidence, standing alone, is not a basis for granting the writ. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id.* at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend v. Sain*, 372 U.S.

293, 317 (1963) ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), overruled in part on other grounds, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Thus, the newly discovered evidence, standing alone, provides no basis for habeas relief.

Nor does petitioner's assertion of innocence after the plea was entered render his otherwise valid plea involuntary. As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331(E.D. Wis. 1969), aff'd 424 F.2d 1205 (7th Cir. 1970). Although *Hansen* was decided over forty years ago, this observation holds true today. It is well established that "factual guilt or innocence. . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 (E.D. Pa. 1975), *aff'd*, 538 F.2d 322 (3rd Cir. 1976); *see also*, *Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable in the least.") Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). This is directly applicable to the petitioner's request for habeas relief. The newly discovered evidence does not invalidate his valid and voluntary plea of no contest to the charges against him. In addition to this and contrary to petitioner's assertion, this evidence is not newly discovered. He had knowledge

of the "enhanced" videotape and had viewed it prior to his acceptance of the plea bargain. He also had knowledge of the fact that his counsel had not yet received a copy of the search warrant used to obtain the weapon or the evidence technician's report. *See* Mot. To Withdraw Plea & Sentence Tr., at 5, 7-8, 12. Petitioner chose to accept the plea bargain fully aware that these items might have benefitted his case at trial. The plea bargain offered by the prosecution reduced or eliminated many of the original counts petitioner was charged with. His acceptance of the plea bargain was a strategic decision and, by entering into it, he relinquished his right of going to trial and using this evidence to convince a jury of his innocence. Furthermore, the newly discovered evidence does not prove that vacating his no contest plea is "in the interest if justice" as petitioner has claimed. At best, it would have served to aid petitioner in attempting to discredit the testimony of a prosecution witness. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence). There was additional evidence that supported the charges against petitioner, which would have been used to prove his guilt.

Petitioner cannot show a denial of his constitutional rights by the trial court's refusal to allow him to withdraw his plea. Federal habeas courts have no authority to interfere in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea. *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 317 49157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams*

*v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), aff'd, 591 F.2d 169 (2d Cir. 1979). Thus, the trial court's refusal to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief.

Even under the standard applicable to pleas in federal court under Fed. R. Crim. P. 11, petitioner cannot show that he would be entitled to withdrawal of his plea. Under Rule 11, withdrawal is permitted only in the "most compelling of circumstances indicating the innocence of the defendant." *United States v. Tolson*, 372 F. Supp. 2d 1, 24 (D.D.C. 2005), aff'd, 264 Fed. Appx. 2 (D.C. Cir. Jan. 25, 2008); *see also*, *United States v. Robinson*, 498 F. Supp. 2d 328, 331-32 (D.D.C. 2007). Petitioner has failed to show that these circumstances exist. Because of this and for the reasons stated above, habeas relief should be denied on this claim.

F.      *Ineffective Assistance of Counsel (Claim II)*

Petitioner next contends that his counsel rendered constitutionally deficient assistance by (1) failing to obtain exculpatory evidence; and (2) failing to investigate and obtain discovery material. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim…to address both components of the

inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,…that course should be followed." *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (internal citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the fact finder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also*, *O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.ED.2d 203 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id.* at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In other words, the

petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney's act or omission, he would not have pleaded guilty is not enough to prove such a claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.); *see also*, *Thirkield v. Pitcher*, 199 F. Supp. 637, 655 (E.D. Mich. 2002) (Friedman, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.")

2.      *Analysis*

Petitioner's claim of ineffective assistance of counsel is without merit. He claims that his counsel was ineffective because counsel failed to obtain exculpatory evidence, namely an enhanced version of a video tape, in time for trial. As mentioned above, the standard of proof required to prove that counsel is ineffective is substantial. Under the *Strickland* test, petitioner must establish deficient performance and prejudice. In this case, counsel did in fact request this enhanced video tape. Petitioner's complaint is that counsel requested it two weeks before the trial date and that it allegedly would not have been ready for the trial. This claim does not satisfy the performance prong because this single act can hardly be characterized as an error and does not rebut the strong presumption that defense counsel rendered effective assistance. *Strickland*, 466 U.S. at 690. Even if petitioner were able to show that this error was so serious that, in effect, "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Id.* at 697, the other prong of the

*Strickland* test would still not be met. The record indicates that petitioner knew of the Channel 4 video and that counsel had subpoenaed the video. He nevertheless chose to plead no contest. *See* Plea Tr., at 4. Because this information was known to petitioner prior to the entry of his plea, he cannot show that "but for counsel's [failure to request the video sooner], he would not have pleaded [no contest] and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Petitioner also claims counsel was ineffective by failing to adequately investigate and request disclosure of mandatory discovery. This claim is also without merit. Petitioner's assertions with respect to the enhanced video tape have been addressed above. He also mentions the failure of counsel to request and investigate the evidence technician reports and a search warrant used to retrieve a weapon from petitioner's vehicle. With respect to the evidence technician reports, petitioner fails to show how these reports would have benefitted his case at trial. It is petitioner's burden to show that counsel's actions satisfy the two prongs of the *Strickland* test. Without explaining how this report would have affected his decision to plead guilty, petitioner has failed to satisfy the prejudice prong of the *Strickland* test. He also mentions counsel's failure to request and investigate the search warrant used to retrieve a gun from petitioner's vehicle. Yet, in petitioner's habeas brief he states that defense counsel mentioned that "[counsel] went to 36th District Court to look for [a search warrant] on file." Pet'r's Br., at 31. Thus by petitioner's own account defense counsel did investigate whether or not a search warrant was issued and, therefore, the performance prong of the *Strickland* test is not met. Additionally, petitioner does not explain how his case was prejudiced from counsel's alleged failure to investigate the existence of the search warrant. If the search warrant exists then petitioner's case is not strengthened and he has not produced any evidence that the search warrant does not exist. This also fails to meet the prejudice standard of the *Strickland*

test. Therefore, habeas relief should not be granted on the basis of this claim.

G.     *Exculpatory Evidence (Claim III)*

In his third claim, petitioner contends that he was denied due process of law by the prosecutor's failure to provide discovery material and by the trial court's failure to allow him to withdraw his plea on this basis. This claim is actually a combination of two separate issues. The first one is whether preventing petitioner from withdrawing his guilty plea is a denial of due process. The second issue is whether the prosecutor's alleged failure to disclose mandatory discovery constitutes a denial of due process.

With regard to the first part of the claim, the refusal of the trial court to grant his motion to withdraw a plea as a basis for habeas relief has already been addressed above and is without merit, because there is no federal constitutional right to withdraw a validly entered plea.

The second part of petitioner's claim concerns the prosecutor's alleged failure to disclose favorable evidence, which is a *Brady* claim. The Due Process Clause requires the state to disclose exculpatory evidence to the defense. *See Brady v. Maryland*, 373 U.S. 83 (1963). However, petitioner's claim does not meet the requirements of a true *Brady* violation. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Thus, in order to establish a *Brady* claim, petitioner must show that: (1) evidence was suppressed by the prosecution in that it was not known to petitioner and not available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of petitioner's guilt. *See Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000);

19

*Luton v. Grandison*, 44 F.3d 626, 628-29 (8th Cir. 1994); *see also*, *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). Petitioner bears the burden of establishing each of these three elements. *See Carter*, 218 F.3d at 601.

Petitioner has not established these elements in the three specific *Brady* violations he alleges under this claim. Petitioner claims that the prosecution suppressed the evidence technician report, the search warrant for the alleged weapon used in the crime, and information concerning disciplinary action taken against an officer because of misconduct. With regard to the evidence technician report, petitioner includes a complaint concerning his counsel's neglect in failing to obtain this report. This creates doubt as to whether or not the prosecutor withheld the evidence or if it was defense counsel's neglect that kept it from being obtained. Additionally, petitioner has not advanced a viable theory as to how this report would have been beneficial to his case. The second instance of alleged prosecutorial suppression concerns the alleged disciplinary action taken against Officer Ziegler, one of the officers present at the scene where this specific crime occurred. Petitioner has not proved that the prosecutor knew about any disciplinary action nor has he shown that such an action even took place. In fact defense counsel stated only that "it's *our belief* that he was either fired or quit as a result of this incident." Mot. to Withdraw Plea Tr. on 01/08/04, at 11 (emphasis added). Petitioner does not support this belief with any evidence and therefore does not carry his burden of establishing the elements of a *Brady* violation. *See Carter*, 218 F.3d at 601. As to the employment status of Officer Ziegler, defense counsel stated that "[i]t wasn't until the day of trial that I found out from the OIC that [Officer Ziegler] was no longer working for the Detroit Police Department." *Id*. at 11. Furthermore, the prosecutor responded to petitioner's allegation that he was not aware of Officer Ziegler being fired by stating that "the officer in charge told me a couple of days before trial that he

had spoken to [defense counsel] and conveyed that information." *Id.* at 12. This establishes that petitioner's counsel knew the employment status of Officer Ziegler and therefore the evidence was not suppressed. Finally, there is the alleged failure to disclose the search warrant used to obtain the weapon used in the commission of the crime. This *Brady* claim appears to be an indirect way of stating that there was in fact no search warrant issued. This claim is without merit. The prosecutor asked "[i]f you don't believe that search warrant exists, how come when you make all your written motions, you did not bring that to the Court's attention?" *Id.* at 15. The prosecutor clearly stated that "there is a search warrant." *Id.* at 14, and petitioner has not presented any evidence to contradict this statement. Additionally, the alleged suppression of this search warrant fails to meet the second element of a *Brady* violation because its existence is neither favorable nor exculpatory.

In addition to lacking merit, petitioner's claim does not state a violation of clearly established federal law under § 2254(d)(1). The Supreme Court has never held that the *Brady* rule requires disclosure of exculpatory evidence prior to the entry of a plea, rather than for use at trial. On the contrary, the Supreme Court has repeatedly referenced the *Brady* rule as necessary to secure a fair trial before the fact finder. In *Brady,* the Court explained that "[a] prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him . . . helps *shape a trial* that bears heavily on the accused." *Brady*, 373 U.S. at 87-88 (emphasis added). In *United States v. Agurs*, 427 U.S. 97 (1976), the court explained that the rule prohibiting the use of perjured testimony, upon which the *Brady* rule is founded, is based on the notion that the use of perjured testimony represents "a corruption of the truth-seeking function of the *trial process*." *Id.* at 104 (emphasis added). Similarly, in *United States v. Bagley*, 473 U.S. 667 (1985), the Court stated that "suppression of evidence amounts to a constitutional violation only if it deprives the defendant

of a *fair trial*." *Id.* at 678 (emphasis added).

In light of this focus on the effects of suppressing evidence on the truth-finding function of the jury at trial, several courts have held that the failure to disclose exculpatory information prior to the taking of a plea does not render the plea involuntary or constitute a *Brady* violation. The reasoning of this rule was aptly explained by the Fifth Circuit: "Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to a trial is not a constitutional violation." *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir. 2000). To be sure, other courts have reached a contrary conclusion, including the Sixth Circuit. *See, e.g., Sanchez v. United States*, 50 F.3d 1448, 1453-54 (9th Cir. 1995); *United States v. Avellino*, 136 F.3d 249, 255 (2nd Cir. 1998); *Campbell v. Marshall*, 769 F.2d 314,324 (6th Cir. 1985). The continued validity of these cases, however, is called into question by the Supreme Court's more recent decision in *United States v. Ruiz*, 536 U.S. 622 (2002). In that case, the Court held that a plea is not rendered invalid by the prosecutor's failure to disclose exculpatory impeachment information prior to the entry of the plea. *See id.* at 628-33. While the Court expressly declined to consider whether this rule also applied to exculpatory substantive evidence, the Court's reasoning focused on the *Brady* rule's connection to the truth-finding function at trial, suggesting that the holding in *Ruiz* extends to exculpatory substantive evidence as well. Indeed, at some points the Court did not distinguish between the two types of exculpatory evidence, going so far as to note that "due process considerations, the very same considerations that led this Court to find trial related rights to exculpatory and impeachment information in *Brady* and *Giglio*, argue against the existence of the 'right'" to pre-plea disclosure. *Ruiz*, 536 U.S. at 631.

More importantly, even if the court of appeals cases recognizing such a right survive *Ruiz*, those cases alone cannot provide a right to habeas relief. Under § 2254, habeas relief is available only if the state court violated clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). In light of the reasoning of *Ruiz*, the Court's repeated description of *Brady* as grounded in the right to a fair trial, the lack of any Supreme Court precedent requiring *Brady* material to be disclosed prior to the entry of a guilty plea, and the split among the courts of appeals on this issue, it cannot be said that the right petitioner seeks to invoke here constitutes clearly established law under § 2254(d)(1). *See Jones v. Bryant*, 27 Fed. Appx. 699, 701 (7th Cir. 2001). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

H.      *Lack of Factual Basis (Claim IV)*

Finally, petitioner claims that the trial court's alleged failure to obtain a valid factual basis for his plea of no contest constitutes a denial of due process. This claim is without merit. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). "Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254." *Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991). Because the writ of habeas corpus exists only to correct errors of federal law, a state court's failure to elicit a factual basis for a guilty plea does not state a claim cognizable on habeas review. *See United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Circ. 1993) (en banc); *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Coddington v. Langley*, 202 F. Supp. 2d 687, 702 (E.D. Mich. 2002) (Tarnow, J.). And, in any event, the

prosecutor's description of the crime, stipulated to by petitioner at the plea hearing, provided a factual basis for the crimes for which petitioner was convicted. Therefore habeas relief on this ground should be denied.

I.      *Recommendation Regarding Certificate of Appealability*

      1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new

Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." Fed. R. App. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.     *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. With regard to petitioner's first claim, it is beyond debate that a criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea. *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996). The record does not show that petitioner's plea was involuntary and as previously stated the evidence mentioned by him is neither newly discovered nor exculpatory. As to the second claim, ineffective assistance of counsel, the allegations are all

addressed in this report and found to lack merit. The alleged failure to obtain an "enhanced" videotape in time for the trial doesn't meet the prejudice prong because petitioner entered his plea despite knowing about the tape. With respect to the evidence technician report and search warrant, petitioner has not shown that counsel failed to adequately investigate them nor has he shown that he was prejudiced by any alleged failure. The resolution of this claim is therefore not reasonably debatable. With regard to petitioner's *Brady* claim, it is not reasonably debatable that petitioner has failed to show that evidence was suppressed or that it was exculpatory. More importantly, in light of the reasoning of *Ruiz*, the Court's repeated description of *Brady* as grounded in the right to a fair trial, the lack of any Supreme Court precedent requiring *Brady* material to be disclosed prior to the entry of a guilty plea, and the split among the courts of appeals on this issue, it cannot be said that the right petitioner seeks to invoke here constitutes clearly established law under § 2254(d)(1). *See Jones v. Bryant*, 27 Fed. Appx. 699, 701 (7th Cir. 2001). Finally, the resolution of petitioner's fourth claim is not reasonably debatable, because it is beyond dispute that "the requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution," *Tunning*, 69 F.3d at 111, and that "[v]iolations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254." *Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991). Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

J.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny

petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J. Komives_____
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE
Dated: 11/15/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on November 15, 2010.

s/Eddrey Butts
Case Manager